**ELLENBERG LAW GROUP**
**Karen L. Hoffmann, Esq.**
**ID No. 323622**
**1500 JFK Blvd. Suite 1825**
**Philadelphia, PA 19102**
**(215) 790-1682**
**karen@sellenberglaw.com**
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            )
STUDENT DOE,                                )
                                            )
    Plaintiff,                              )
                                            )   Case No. 25-cv-02070
    v.                                      )
                                            )
KRISTI NOEM, in her official capacity       )
as Secretary of Homeland Security; the      )
U.S. DEPARTMENT OF HOMELAND                 )
SECURITY; and TODD LYONS, in his            )
official capacity as Acting Director of U.S.)
Immigration and Customs Enforcement,        )
                                            )
    Defendants.                             )
_____)

## INTRODUCTION

1.   Plaintiff Student Doe is a full-time undergraduate international student in lawful F-1 status, enrolled at a college in Lancaster County, Pennsylvania. They are one of hundreds, if not more, F-1 students nationwide whose Student and Exchange Visitor Information Systems (SEVIS) record has been abruptly and

unlawfully terminated by U.S. Immigration and Customs Enforcement (ICE), effectively stripping them of their ability to remain a student in the United States.

2. SEVIS is a government database that tracks international students' compliance with their F-1 status. ICE, through its Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. Plaintiff's visa was prudentially revoked by the State Department more than two years ago, but Plaintiff has continued to maintain lawful F-1 status in the United States.

3. On April 8, 2025, SEVP terminated Plaintiff's SEVIS record and marked the termination reason as "OTHER - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." No code, statute, or regulation was cited as authority for the termination.

4. The termination of SEVIS records effectively ends F-1 student status. Even when a visa is revoked, however, ICE is not authorized to terminate Plaintiff's student status. In the SEVIS termination, ICE does not cite any legal authority they have to terminate Plaintiff's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted. Plaintiff was in full compliance with the terms of their F-1 status and had not engaged in any conduct that would warrant the termination of their status.

5. In fact, an ICE official has filed a declaration in a similar case stating clearly that ICE does not have power to terminate student status: "Terminating a record in

SEVIS does not terminate an individual's nonimmigrant status in the United States. The statute and regulations do not provide SEVP the authority to terminate nonimmigrant status of [international student plaintiffs]. Furthermore, the authority to issue or revoke visas for nonimmigrant status lies with the Department of State, not SEVP. Terminating a record within SEVIS does not effectuate a visa revocation." *See Deore,* et al. *v. Noem,* et al., No. 2:25-cv-11038-SJM-DRG (E.D. Mich. 2025), ECF No. 14-3 (Declaration of Andre Watson) at ¶ 22.

6.     This ICE official's statements do not reflect the reality experienced by students who have had their SEVIS records terminated. Under pressure from ICE, the vast majority of higher education institutions have been advising students with SEVIS record terminations that they are out of legal immigration status, and have disenrolled those students as a result.[1]

7.     For example, in an email sent by a school official to an international student with a SEVIS record termination at the University of Michigan, the student was told: "In our daily review of SEVIS, we learned that your SEVIS record was 'terminated' by a Department of Homeland Security (DHS) official…We do not have any additional information, but this termination means you no longer hold valid F-1 status within the United States. You will need to cease any employment

---

[1] See Lennard, Natasha, *Universities Told Students to Leave the Country. ICE Just Said They Didn't Actually Have To.* The Intercept, April 17, 2025, https://theintercept.com/2025/04/17/international-student-visas-deport-dhs-ice/

immediately. Since this termination does not carry a grace period, we must recommend you make plans to exit the United States immediately." *See Deore, et al. v. Noem, et al.,* No. 2:25-cv-11038-SJM-DRG (E.D. Mich. 2025), ECF No. 1-6, Email to Qiuyi Yang Regarding SEVIS Termination.

8.     The Department of Homeland Security (DHS) policy of unlawfully terminating SEVIS records based on visa revocations appears to be designed to coerce students, including Plaintiff, into abandoning their studies and "self-deporting" despite not violating their status. If ICE believes a student is deportable for having a revoked visa, it has the authority to initiate removal proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

9.     Over the past few weeks, visa revocations and SEVIS terminations have shaken campuses across the country and Pennsylvania, including those in the Pennsylvania State University System.[2] The SEVIS terminations have taken place against the backdrop of numerous demands being made of universities by the federal government and threats of cutting off billions of dollars in federal funding.

---

[2] See Binkley, Collin, et al., *Federal officials are quietly terminating the legal residency of some international college students*, Associated Press, April 4, 2025, https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a; Klinefelter, Tristan, *Centre County DA confirms 22 Penn State students' visas revoked*, WTAJ News, April 17, 2025, https://www.wtaj.com/news/local-news/centre-county-da-confirms-22-penn-state-students-visas-revoked/

They have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students.

10. Plaintiff brings this action under the Administrative Procedure Act (APA), the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's unlawful termination of their SEVIS record.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the present action based on 28 U.S.C.§ 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), and 28 U.S.C. § 2201-2 (authority to issue declaratory judgment when jurisdiction already exists).

12. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; Plaintiff resides in Lancaster County, which is located within the Eastern District of Pennsylvania; and there is no real property involved in this action.

## PARTIES

13. Student Doe is an international student who is enrolled in a college in Lancaster County. Student Doe seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.[3]

---

[3] Plaintiff will file separately a motion to proceed pseudonymously.

14. Defendant DHS is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including ICE.

15. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

16. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Student Doe's SEVIS record.

## LEGAL FRAMEWORK

17. A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status as long as they continue to meet the requirements established by the

regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

18. An F-1 visa allows an international student to enter and re-enter the United States. The revocation of an F-1 visa does not automatically mean a student loses their lawful F-1 status, because the admission of an international student with an F-1 visa valid at time of entry guarantees permission for that student to remain in the United States for the duration of status. 8 C.F.R. § 214.2(f).

19. The revocation of a visa by the State Department does not constitute a failure to maintain status and visa revocation is not, by itself, cause for termination of a student's SEVIS record. *See Chen v. Noem, et al.,* No. 1:25-cv-00733-TWP-MG (N.D. Ill.), ECF No. 17 at 3 (Order granting TRO).

20. An international student who was lawfully admitted with an F-1 visa, who later had that visa revoked for reasons of ineligibility or suspected lack of entitlement under 9 FAM § 403.11-5(B), but who has continued to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), retains legal status in the US and is not deportable under 8 USC § 1227.

21. SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2),

Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations. Termination must be based on a student's failure to maintain status.

22. DHS regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

23. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

24. With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . .

. ." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history.

25. The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits DHS to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status.[4]

26. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's arrival to the United States, then a student may not enter and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[5]

---

[4] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't,* 935 F.3d 172, 185 n. 100 (3d Cir. 2019).
[5] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

27. ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[6] Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[7]

28. While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[8] The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status.[9] Only when a final removal order is entered would status be lost.

29. A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter.

---

[6] *Id.*
[7] Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.
[8] See 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).
[9] 8 C.F.R. § 1003.18(d)(ii)(B).

30. The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal.[10] There is also no administrative appeal of a denial to reinstate F-1 status. The termination of a SEVIS record constitutes final agency action for purposes of APA review.[11]

## FACTUAL ALLEGATIONS

31. Plaintiff Student Doe is an undergraduate international student attending college in Lancaster County. They are from an Asian country.

32. Plaintiff has maintained a strong academic attendance and commitment to their studies during the duration of their status.

33. Plaintiff is an active and involved participant in student life at their university, and has been a part of several student clubs.

34. Plaintiff first came to study in the United States on a student visa in 2021.

35. Plaintiff was issued a Form I-20 to enroll in college and they have been engaged in a full course of study.

36. In early 2023, Plaintiff was arrested and charged with a first-offense DUI.

37. Plaintiff entered into an Accelerated Rehabilitative Disposition (ARD) program for the alcohol related driving offense, wherein the prosecutor agreed to

---

[10] *See Nakka v. United States Citizenship & Immigr. Servs.,* 111 F.4th 995, 1007 (9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).
[11] *See Fang*, 935 F.3d at 185.

suspend prosecution of the alcohol related driving charge in exchange for the Plaintiff's successful participation in a rehabilitative program.

38. Plaintiff successfully completed the ARD program and, as a result, the charge of Driving Under the Influence was dismissed.

39. On February 17, 2023, Plaintiff received an email stating that their F-1 visa was revoked pursuant to section 221(i), "effective immediately as of February 17, 2023, unless you are physically present in the United States at this time, in which case the revocation will become effective immediately upon your departure from the U.S."

40. Plaintiff was physically present in the United States on February 17, 2023, and Plaintiff has not left the U.S. since that date. Therefore, Plaintiff's visa revocation has not become effective.

41. Upon information and belief, Plaintiff's visa revocation is classified as a "prudential revocation for driving under the influence" under 9 FAM 403.11-5(B)(c).

42. As shown in the foregoing paragraphs, a prudential visa revocation by the State Department does not constitute a failure to maintain status and visa revocation is not, by itself, cause for termination of a student's SEVIS record.

43. At the time of revocation in 2023, Plaintiff was advised by their attorneys and the Designated School Official at their university that the prudential revocation was not a violation of Plaintiff's lawful F-1 status.

44. On April 8, 2025, Plaintiff received notice from their college that their student visa was revoked and that their SEVIS status was terminated.

45. Plaintiff's college sent him a picture of the college's SEVIS interface, which gave a termination reason of "OTHER - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated."

46. No code, statute, or regulation was cited as authority for the termination.

47. Plaintiff was informed that the school itself did not terminate their SEVIS status.

48. Plaintiff is unaware of the factual basis for the termination of their SEVIS status.

49. Plaintiff's only criminal history involved a misdemeanor alcohol-related driving offense, which has since been expunged. The charge was not for a crime of violence, nor did it carry a potential sentence of more than one year.

50. DHS has not initiated removal proceedings against Plaintiff.

51. Plaintiff is highly valued by their college, which desires for them to continue to be enrolled in school. However, Plaintiff's ability to do so is in jeopardy due to the termination of their SEVIS record and status.

52. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them. They also fear being labeled a national security or foreign policy threat if they seek to return to the United States in the future, or if they seek to travel to another country, because of the labels attached to their SEVIS termination.

53. Plaintiff has experienced reasonable fear that they would not be protected from deportation. Because of this, Plaintiff has been afraid to leave their apartment, and afraid to go to class.

54. Plaintiff is uncertain whether or not they can lawfully attend classes. Plaintiff's university has not been able to give Plaintiff a straightforward answer about the legality of their continued classroom attendance. An email from Plaintiff's Designated School Official directs Plaintiff to ask a private attorney whether or not they should continue to attend class.

55. Plaintiff was looking forward to fulfilling an internship in their field of study in the summer of 2025 as part of their Curriculum Practical Training, and had applied and obtained interviews with several prospective employers. Because the SEVIS termination stripped Plaintiff of their employment authorization and eligibility for Curriculum Practical Training, Plaintiff had to withdraw their applications for these internships, and will likely lose a crucial opportunity for a summer internship before graduation.

56. Plaintiff's final semester courses are laboratory courses, which cannot be attended remotely and require Plaintiff to be physically present at the university.

57. Plaintiff feels that the government is attempting to coerce Plaintiff to abandon their studies and "self-deport" even though Plaintiff has not done anything to violate their status.

58. Plaintiff now lives in constant fear, experiencing severe anxiety and insomnia. Plaintiff has significant trouble performing day-to-day activities due to worries of potential detention or deportation by ICE.

59. The SEVIS terminations have created havoc and uncertainty for schools as well. Upon information and belief, Plaintiff's college was not given any advanced warning or further explanation for the termination of Plaintiff's SEVIS status. Schools are scrambling to respond to these unprecedented actions and determine whether and how they can help their international students.[12]

60. Intervention by the Court is necessary to remedy Defendants' unlawful conduct.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Administrative Procedure Act**
*(Unauthorized SEVIS Termination)*

---

[12] *See, e.g.,* Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024, https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system.

61. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

62. Under Section 706 of the Administrative Procedure Act (APA), final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

63. Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa. Additionally, nothing in Plaintiff's criminal history or other history provides a basis for termination.

64. Therefore, Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## SECOND CAUSE OF ACTION

**Fifth Amendment**
*(Procedural Due Process)*

65. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

66. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

67. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiff has a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015)(recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

68. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

## THIRD CAUSE OF ACTION

**Administrative Procedure Act**
*(Procedural Due Process)*

69. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

70. Under Section 706 of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

71. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

72. Accordingly, Defendants' action is contrary to a constitutional right.

## **FOURTH CAUSE OF ACTION**

**Administrative Procedure Act**
*(Arbitrary and Capricious SEVIS Termination)*

73. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

74. Under Section 706 of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

75. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

76. Defendants' action is therefore arbitrary and capricious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Declare that the termination of Plaintiff's SEVIS status was unlawful;

3) Vacate and set aside DHS's termination of Plaintiff's SEVIS status;

4) Order that Defendants restore Plaintiff's SEVIS record and status retroactive to the date of termination;

5) Award Plaintiff costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

6) Grant such further relief as the Court deems just and proper.

Dated: April 24, 2025                    Respectfully submitted,

ELLENBERG LAW GROUP
*/s/ Karen L. Hoffmann*
Karen L. Hoffmann, Esq.
ID No. 323622
1500 JFK Blvd., Suite 1825
Philadelphia, PA 19102
(215) 790-1682
karen@sellenberglaw.com

*Attorneys for Plaintiff*