IN THE UNITED STATES DISTRCT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENT DOE,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, *et al.*<br><br>    Defendants. | Case No.: 5:25-cv-02070-CH |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
CONSOLIDATED MOTIONS FOR LEAVE TO PROCEED WITH PSEUDONYM
AND FOR PROTECTIVE ORDER/ORDER NOT TO DETAIN**

**I.      BACKGROUND**

Defendants in their official capacities, by and through counsel, hereby respond to Plaintiff's Consolidated Motions for Leave to Proceed with Pseudonym and for Protective Order/Order Not to Detain as follows.

Plaintiff, who identifies as Student Doe in this matter, filed this action on April 24, 2025, challenging the termination of their SEVIS record, which is a record contained within a United States Department of Homeland Security ("DHS") online database for maintaining information on international nonimmigrant students and exchange visitors in the United States. In their Complaint, Plaintiff sought the retroactive restoration of their SEVIS record. (Compl. at 19, ECF 1). A few days later, on April 29, 2025, Plaintiff filed the instant Consolidated Motions, seeking to proceed by pseudonym and to prevent Defendants from detaining or transferring Plaintiff out of this Court's jurisdiction. (Pl.'s Cons. Mot., ECF 4).

Since the filing of Plaintiff's Complaint and Consolidated Motions, the parties have engaged in discussions about entering into a stipulation that Defendants believe will moot this matter.[1] Before Defendants can enter into the stipulation, however, Defendants need Plaintiff's identity to confirm that Plaintiff belongs to the category of individuals to which the stipulation applies. After discussion of this mater and potential resolution, Plaintiff continues to refuse to provide their identity before the entry of a protective order prohibiting them from being detained or removed. The Court should require Plaintiff to provide their identity to Defendants and deny Plaintiff's motion for a protective order.

## II.    ARGUMENT

### A. The Court Should Order Plaintiff to Provide Their Identity to Defendants So That the Parties May Proceed Towards Resolving This Matter.

Plaintiff seeks leave to proceed by pseudonym in this matter—not only as to the public, but also as to Defendants. For practical reasons, remaining anonymous as to Defendants is simply not workable. Defendants cannot perform or confirm any act to resolve this action as to Plaintiff – if they do not know who Plaintiff is.

---

[1] Article III of the United States Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. Const. Art. III § 2. A justiciable case or controversy requires a "live" issue presenting "a real and substantial controversy." *Old Bridge Owners Co-op. Corp. v. Township of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001). Claims that present no live controversy to which the court can give meaningful relief are moot. *See id*; *see also*, *Clark v. Governor of New Jersey*, 53 F. 4th 769, 777 (3d Cir. 2022) (claims non-justiciable where courts cannot "grant any effectual relief"). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a matter should be dismissed once there is no dispute over which to litigate.

Before Defendants can enter into the contemplated stipulation that they believe will moot this case, Plaintiff must provide their identity to Defendants so that Defendants may confirm that the representations in the stipulation apply to Plaintiff. Indeed, Plaintiff concedes that they will have to provide their identity to Defendants so that Defendants may litigate this case. (ECF 4 at 11).

Defendants cannot make any representations with respect to Plaintiff without knowing their identity and without confirming the underlying facts that led to the termination of their SEVIS record. While Plaintiff makes several assumptions in their Complaint and Consolidated Motions as to the reason for the initial termination of their SEVIS record, and asserts their inclusion in the category of individuals whose SEVIS records were terminated beginning in March 2025, Defendants require Plaintiff's identity to confirm these assertions, and to confirm that Plaintiff is indeed in the same category of individuals to which the contemplated stipulation to resolve this matter will apply. The Court should therefore deny Plaintiff's motion to proceed by pseudonym as to Defendants.

As to Plaintiff's request to proceed by pseudonym as to the general public, "[o]ne of the essential qualities of a Court of Justice is that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (cleaned up) (quoting *Daubney v. Cooper,* 109 Eng. Rep. 438, 441 (K.B. 1829)). Consistent with that principle, Federal Rule of Civil Procedure 10(a) requires that a complaint include a title that "name[s] all the parties." Identifying the parties to a case "is an important dimension of publicness" because "people have a right to know who is using their courts." *Megless*, 654 F.3d at 408 (citation omitted). Allowing a litigant to proceed under a pseudonym thus "runs afoul of the public's common law right of access to judicial proceeding." *Id*. (citation

3

omitted). But in "*exceptional cases*," a party may be allowed to proceed anonymously. *Id*. (emphasis added).

To proceed under a pseudonym, the movant "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id*. (citation omitted). Once the movant makes that showing, the Court must consider various factors to determine whether that party's reasonable fear of severe harm outweighs "the public's strong interest in an open litigation process." *Id*. (citations omitted). A reasonable fear of severe harm "has been found in 'cases involving abortion, birth control, transexuality [sic], mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Doe v. Univ. of Pennsylvania*, No. 23-1613, 2024 WL 2575702, at *2 (3d Cir. May 24, 2024) (quoting *Megless*, 654 F.3d at 408). Conversely, embarrassment and economic or reputational harm, standing alone, are not enough to show a reasonable fear of severe harm. *Id*.; *see also Doe v. Coll. of New Jersey*, 997 F.3d 489, 496 n.6 (3d Cir. 2021) (rejecting argument that "'harassment and ridicule along with other economical and reputational harm' is sufficient to permit anonymity").

Here, Plaintiff's request to proceed under a pseudonym fails because Plaintiff has not identified a reasonable fear of severe harm. Plaintiff asserts a generalized fear of retaliation and harassment by Defendants and unidentified "third parties." This speculative and non-specific fear is insufficient to meet the *Meglass* standard.

### B. Plaintiff's Request for a Protective Order Should Be Denied.

Plaintiff's request for an order prohibiting Defendants from detaining or transferring Plaintiff out of this Court's jurisdiction should be denied because, as Plaintiff concedes in their Consolidated Motions, Defendants have not placed Plaintiff

into removal proceedings or detained Plaintiff. ECF 4 at 4, 6. Plaintiff's generalized fear that they may be detained or removed because they have filed suit is insufficient to warrant the Court issuing a protective order. Moreover, as written, Plaintiff's request for relief is overbroad as it would prohibit Defendants from detaining or transferring Plaintiff out of this Court's jurisdiction – essentially for any reason – even if Plaintiff meets the bases under the law for which an international student may become removable, such as violating any of the terms of the regulations governing nonimmigrant students, 8 C.F.R. § 214.2(f); 8 U.S.C. § 1184(a)(1); or if the Department of State "immediately" revokes an individual's F-1 visa, 8 U.S.C. § 1227(a)(1)(B).

To the extent Plaintiff seeks a more narrowly tailored protective order from detention or removal based on Defendants' termination of Plaintiff's SEVIS record or a "gap" or "lapse" in the record, the issue is moot. Plaintiff's counsel has represented that Defendants have reactivated Plaintiff's SEVIS record. Further, the anticipated stipulation to resolve the underlying matter would represent, among other things, that the SEVIS record reactivation was retroactive to the date of the initial termination such that there is no "gap" or "lapse" in the record. As such, there is no need for a protective order because the Plaintiff's SEVIS record concerns are moot, and any more broadly worded protective order would improperly restrict the legal bases under which Plaintiff could be removed.

*   *   *

For the reasons stated above, Plaintiff's Consolidated Motions (ECF 4) should be denied, and Plaintiff should be required to provide their identity to Defendants so that the Parties may proceed towards entering into a stipulation to moot this case.

Dated:  May 16, 2025

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/   Anthony St. Joseph for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Stacey L. B. Smith*
STACEY L. B. SMITH
ANDREW R. FUCHS
Assistant United States Attorneys
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8200

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 16th day of May 2025, a true and correct copy of Defendants' Response to Plaintiff's Consolidated Motions (ECF 4) was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

                                         */s/ Stacey L. B. Smith*
                                         STACEY L. B. SMITH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STUDENT DOE,

    Plaintiff,

v.

KRISTI NOEM, *at al.*,

    Defendants.

Case No. 25-cv-2070 (CH)

ORDER

AND NOW, this _____ day of _____ 2025, upon consideration of Plaintiff's Consolidated Motions for Leave to Proceed with Pseudonym and for Protective Order/Order Not to Detain, and Defendants' Response thereto, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Consolidated Motions are DENIED, and;
2. Plaintiff must provide their identity to Defendants within three (3) days of the date of this Order.

BY THE COURT

_____
CATHERINE HENRY
United States District Court Judge